UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
METROPOLITAN STEEL INDUSTRIES, INC.,

                Plaintiff,                              **REPORT AND**
                                                                **RECOMMENDATION**
                                                                CV 09-2291(SJF)(ARL)

      -against-

GRAPHICS FOR STEEL STRUCTURES, INC.,

                Defendant.
------------------------------------------------------------X
GRAPHICS FOR STEEL STRUCTURES, INC.,

                Third-Party Plaintiff,

      -against-

LEON D. DEMATTEIS CONSTRUCTION
CORPORATION, TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA,
METROPOLITAN STEEL INDUSTRIES, INC.,
WESTERN SURETY COMPANY, AND JOHN
DOES # 1-10,

                Third-Party Defendant.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court, on referral from District Judge Feuerstein, is the plaintiff's motion pursuant to Federal Rules of Civil Procedure 15, 20 and 21 seeking leave to file an amended complaint to (i) add John Alonso, Richard Alonso and James McGuire (collectively the "Graphics Principals") as defendants to the action, and (ii) to add fraudulent inducement and fraudulent concealment claims against the three proposed defendants. The defendant opposes the motion on the ground that the proposed amendment is futile, does not satisfy the requirements of Federal Rule of Civil Procedure 9(b), and would be unduly prejudicial. Also before the court is defendant's cross motion to amend its answer to (i) add third-party defendant Western Surety as

an additional counterclaim defendant, and (ii) to discontinue the third-party action. The plaintiff consents to the relief requested in defendant's cross motion.

For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied and defendant's cross-motion be granted.

## BACKGROUND

This action arises out of a school construction project (the "project"). The plaintiff Metropolitan Steel Industries, Inc. ("Steelco" or "plaintiff") commenced this action on May 29, 2009 against the defendant Graphics for Steel Structures, Inc. ("Graphics" or "defendant") alleging that Graphics breached its contract with Steelco by failing to provide the detailing work required for Steelco to fabricate and erect the structural steel for the project. *See* Complaint. Specifically, Steelco contends that the structural steel detail drawings Graphics prepared for the project were deficient and resulted in additional construction expense to Steelco. In June 2009, Graphics filed an answer to the complaint, asserted counterclaims against Steelco for the unpaid contract balance, and commenced a third-party action to foreclose on a mechanic's lien that it filed in connection with the project.

The plaintiff now seeks to join the Graphics Principals as defendants and assert fraud claims against them. *See* Proposed Amended Complaint at ¶¶ 28-74. Plaintiff contends that during the depositions of two of the principals on May 24, 2010 and June 3, 2010, Steelco learned for the first time that Graphics had used outsourced labor in support of its detailing work. According to plaintiff, because the parties' contract included a specific prohibition against subcontracting of detailing work without Steelco's prior approval, Graphic's failure to disclose its intention to use offshore labor to perform its detailing work for Steelco constituted fraudulent inducement and fraudulent concealment. The defendant opposes the motion principally on the

2

ground that the proposed fraud claims are futile because they are duplicative of the plaintiff's breach of contract claim.

## DISCUSSION

### A. Standards for Motion to Amend

The plaintiffs bring the instant motion under Federal Rule 15(a), 20 and 21. However, the motion was made after the deadline for motion practice,[1] and thus, must be balanced against the requirements set forth in Rule 16(b). *See Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker,* 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. However, the rule plainly states that a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

"A finding of good cause depends on the diligence of the moving party." *Parker,* 204 F.3d at 339-40. Plaintiff claims it first became aware that Graphics had used outsourced labor for the performance of the detailing work at the depositions of Richard Alonso on May 24, 2010, and of

---

[1]On November 17, 2009, the court entered a pretrial scheduling order that set December 17, 2009 as the deadline for the completion of motions for the amendment of pleadings and joinder of parties. *See* Pretrial Scheduling Order, dated November 17, 2009.

James McGuire on June 3, 2010.[2] The court notes that plaintiff first sought to amend the complaint when it requested a pre-motion conference by letter dated July 20, 2010. Given the factual predicate for the proposed amendment was not known until the commencement of deposition practice, and plaintiff thereafter timely filed the instant motion, the court finds good cause under Rule 16 to extend the deadline to amend the complaint and to join parties. Accordingly, the court will next examine whether the plaintiff has demonstrated that leave to amend is appropriate under Rule 15.

Federal Rule 15(a) provides that leave to amend 'shall be freely granted when justice so requires." "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)).[3] An amendment is considered futile if the proposed claim would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *See Parker,* 204 F.3d at 339-40. Accordingly, in determining whether a proposed amendment would be futile, the claims must be construed in the light most favorable to the plaintiff. *See Foman,* 371 U.S. at 182. To overcome objections of futility, the plaintiff must

---

[2]On June 28, 2010, the undersigned granted an application by the parties to extend the discovery deadline until September 19, 2010. *See* Order, dated June 28, 2010.

[3]Rule 20(a) governs the joinder of parties. If joinder is improper under Rule 20(a), then amending the complaint would be futile. *See McNaughton v. Merck & Co.,* 2004 U.S. Dist. LEXIS 30287 * 2 (S.D.N.Y. Dec. 17, 2004). Fed. R. Civ. P. 20(a) has two distinct requirements. First, "a right to relief must be asserted . . . relating to or arising out of the same transaction or occurrence." *Id.* at *3. Second, "there must be some question of law or fact common to all plaintiffs." Id. Neither party addresses these requirements, but it is clear that if the claims against the Graphics Principals were proper, the Rule 20(a) standards would be met.

merely show that it has at least colorable grounds for relief. *Copantitla v. Fiskardo Estiatorio, Inc.,* No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010).

  **B.**  **Standards For Motion To Dismiss**:

  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Twombly* discarded the "no set of facts" language in favor of the requirement that the plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." 127 S. Ct. at 1974. Post-*Twombly,* the court must still assume that well-pleaded factual allegations set forth in a complaint are true and draw all inferences in favor of the non-moving party (s*ee, e.g., Holmes v. Poskaner,* 342 Fed. Appx. 651 (2d Cir. 2009)), but those factual allegations must be enough to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Williams v. Berkshire Fin. Grp. Inc.*, 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007) (quoting *Twombly*, 127 S. Ct. at 1969); *see also ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

  There remains a significant difference between factual allegations and legal conclusions. In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court explained that "[t]wo working principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal

5

conclusion couched as a factual allegation." *Id.* at 1949-50. As the *Iqbal* court noted, Federal Rule 8 may be a generous departure from stricter pleading rules of the past, but "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The second principle underlying *Twombly*, *Iqbal* explains, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal quotation marks and citations omitted). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (internal quotation and punctuation marks omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Accordingly, where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 127 S. Ct. 1955; *see Iqbal,* 129 S. Ct. at 1950 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). With these standards in mind, the court turns to the issues raised in the motions.

### C. Plaintiff's Claims of Fraudulent Inducement and Fraudulent Concealment

Under New York law, to state a cause of action for fraudulent inducement, the plaintiff must establish that "(1) the defendant made a material misrepresentation, (2) that defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415-16 (2d Cir. 2006) (citation omitted); *see Oi Tai Chan v. Society*

6

*of Shaolin Temple, Inc.,* No. 12480/2007, 2010 WL 4323962, at *3 (N.Y. Sup. Ct. Nov. 3, 2010) (To state a fraudulent inducement claim, "it is sufficient that the claim alleges a material representation, known to be false, made with the intention of inducing reliance, upon which the victim actually relies, consequently sustaining a detriment.'"). "A fraudulent concealment claim shares these same elements with the additional requirement that a plaintiff must show that the defendant had a duty to disclose the material information." *Woods v. Maytag Co.*, No. 10-CV-0559 (ADS) (WDW), 2010 WL 4314313, at *5 (E.D.N.Y. Nov. 2, 2010) (citation omitted).

In addition, a complaint alleging fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . must be stated with particularity." Fed. R. Civ. P. 9(b). In order to comply with Rule 9(b), the proposed complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290 (2d Cir. 2006) (citation omitted). While Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," it should not be "mistaken for license to base claims of fraud on speculation and conclusory allegations." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

In the case at bar, Plaintiff's fraud claims are based on the Graphics Principals' failure to disclose to Steelco "the fact that Graphics had outsourced a significant portion of the Work to overseas detailing companies." *See* Proposed Amended Complaint at ¶¶ 28-74. According to plaintiff, the Graphics Principals represented to Steelco that Graphics intended to perform all the Work with its own employees unless it procured prior written consent from plaintiff as set forth in the purchase order between the parties. *Id.* Plaintiff maintains that (i) it relied on Graphics'

alleged false representation when it entered its agreement with defendant for the performance of the Work, (ii) Graphics use of outsourced companies resulted in faulty detail drawings, which in turn (iii) caused Steelco to encounter "severe problems with the erection and assembly of the various steel components," and (iv) incur excessive money damages. *Id.*

Although a false statement of intention can be sufficient to support a fraud claim, where the fraud alleged, however, is based on the same facts underlying the contract claim, the fraud claim must be dismissed as a duplicative breach of contract claim. *See Richbell v. Jupiter Partners, L.P.*, 765 N.Y.S.2d 575, 589 (1st Dep't 2003) (citing *Graubard Mollen Dannett & Horowitz v. Moskovitz*, 86 N.Y.2D 112, 1222 (1995)). It is well settled that "[a] fraud claim does not lie where the only fraud alleged arises from the breach of contract." *Selinger Enter., Inc. v. Cassuto*, 860 N.Y.S.2d 533, 536 (2d Dep't 2008). "To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 91 (2d Cir. 2005) (citation omitted).

In the instant matter, plaintiff asserts that the Graphic Principals had a duty to disclose that they Graphics might use outsourced labor for some portions of the detailing work because "they had superior knowledge, not available to Steelco, as to where, and by whom, the Work would be, and was being, performed." *See* Proposed Amended Complaint at ¶¶ 28-74. A duty to disclose information as part of a commercial transaction generally does not arise unless there is a confidential or fiduciary relationship between the parties." *Ironforge.com v. Paychex, Inc.*, No. 09-CV-6264L, 2010 WL 3911419, at *7 (W.D.N.Y. Oct. 5, 2010); *see Chiarella v. United States*,

445 U.S. 222, 228 (1980) ("when dealing with a claim of fraud based on material omissions, it is settled that a duty to disclose arises only when one party has information that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them") (citations omitted). Moreover, "[a]n ordinary contractual relationship will not typically give rise to such a relationship absent some special circumstances that go beyond the mere existence of the contract." *Id.* Indeed, the Second Circuit has cautioned that "a fiduciary obligation is not to be lightly implied, lest it undercut [certain] basic principles of commercial law," including the principle that a party to an agreement is not liable for fraud "if he simply fails to disclose information that he is under no obligation to reveal." *United States v. Skelly*, 442 F.3d 94, 97 (2d Cir. 2006).

Here, Steelco fails to allege facts demonstrating that the Graphic Principals had a fiduciary or other duty to plaintiff, independent of their duties under the contract. Plaintiff's argument that the Graphics Principals had a fiduciary duty by virtue of its superior knowledge that some or all of its detailing work would be outsourced to another company is unpersuasive. Although the Second Circuit has stated that "[i]n the context of a business transaction, the duty to disclose arises where a party . . . possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge," the Court has made clear that under such circumstances, "the duty to disclose must exist separately from the duty to perform under the contract." *TVT Records*, 412 F.3d at 91. Here, the proposed amended complaint alleges that the parties entered into a contract whereby Graphics contracted to perform certain detailing work for plaintiff, and that in the course of performing those services, defendant outsourced a portion of the work which plaintiff was unaware of and to which it never consented. Thus, the Graphics Principals' duty to disclose was part and parcel of defendant's duty to perform as agreed under the

9

contract.

Moreover, the Graphic Principals alleged false statements concerning their intent to perform the work do not concern representations which are collateral or extraneous to the terms of the parties' agreement. *See Martian Enter., LLC v. Harris,* 824 N.Y.S.2d 769 (Sup. Ct. 2006) ("Allegations that defendant entered into an agreement without the intent to perform it, do not state a fraud claim. The misrepresentation of present facts must be collateral to the contract, and thus, involve a separate breach of duty."); *see also Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (finding under New York law allegations concerning defendant's intentionally false representations that he would perform under the agreement were not sufficient to support a fraud claim); *Papa's-June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) (dismissing claim of fraud where the "complaint does not allege a fraud claim that is sufficiently distinct from the breach of contract claim but "merely appends allegations about [defendant's] state of mind to the claim for breach of contract"); *McKernin v. Fanny Farmer Candy Shops, Inc.,* 574 N.Y.S. 2d 58, 59 (2d Dep't 1991) (holding that where a claim of fraud "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie"). Rather, the alleged misrepresentations that the Graphic Principals concealed their intention to outsource the work, that is, not to perform as required pursuant to the contract, were directly related to a specific provision of the parties' agreement.

Finally, plaintiff has not sought special damages caused by the misrepresentation that are not available in the breach of contract action.

Inasmuch as plaintiff's allegations do not provide factual support to plausibly aver a

fraudulent inducement or fraudulent concealment claim, the court finds that the proposed amendment to assert these claims against the Graphics Principles[4] is futile. Accordingly, the undersigned recommends that plaintiff's motion (i) to add the Graphics Principals as defendants to the action and (ii) to add fraudulent inducement and fraudulent concealment claims against them be denied.

D. **Defendant's Cross Motion**

Defendant cross moves to amend its answer to add third-party Western Surety as an additional counterclaim defendant and to discontinue the third-party action. The plaintiff does not oppose the motion. Accordingly, the undersigned recommends that defendant's cross motion be granted.

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　December 7, 2010

　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4]The court notes that "although a fraud claim may be dismissed as duplicative only as against a defendant against whom the related contract claim is viable," once the main fraud claim would fail as against the defendant (even if not named in the proposed amended complaint) so too would the claim against the proposed defendants fail, since in any event the fraud liability would be based on the same facts underlying the contract. *Cf. Richbell*, 765 N.Y.S.2d at 589.