UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

METROPOLITAN STEEL INDUSTRIES, INC.

            Plaintiff,

-against-

GRAPHICS FOR STEEL STRUCTURES, INC.,
----------------------------------------X

GRAPHICS FOR STEEL STRUCTURES, INC.,

            Third-Party Plaintiff,

-against-

WESTERN SURETY COMPANY, et al.

            Third-Party Defendants.
----------------------------------------X

**ORDER**
**CV-09-2291(SJF)(ARL)**

FEUERSTEIN, J.

    Before the Court are objections by plaintiff Metropolitan Steel Industries, Inc. ("plaintiff") to so much of a Report and Recommendation (the Report) of Magistrate Judge Arlene R. Lindsay dated December 7, 2010 that recommends denying its motion to amend the complaint to add the principals of defendant Graphics for Steel Structures, Inc. ("defendant") as defendants to the action and to assert fraudulent inducement and fraudulent concealment claims against those additional defendants. For the reasons stated herein, the Report of Magistrate Judge Lindsay is accepted in its entirety.

I

    Any portion of a report and recommendation to which a timely objection has been made is

1

reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see generally U.S. v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. 2009). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiff contends that Magistrate Judge Lindsay erred, *inter alia*: (1) in finding that its proposed fraud claims against defendant's principals were duplicative of its breach of contract claims against defendant; (2) in failing to recognize that defendant has moved for summary judgment which, if granted, would preclude a finding that plaintiff's proposed fraud claims against defendant's principals are redundant; (3) in finding that "collaterality, separate legal duty, or special damages" are required to state a fraud claim arising in a contractual context under New York law, (Obj., at 6); (4) in finding, in any event, (a) that plaintiff's proposed fraud claims against defendant's principals were not sufficiently collateral to its breach of contract claim against

2

defendant, since its breach of contract claim against defendant does not rely on the principals' alleged misrepresentations and there is a question of fact regarding "what constitutes the operative agreement– if any[]– between [the parties]," (Obj., at 8), and (b) that plaintiff has not demonstrated a separate legal duty or special damages; and (5) in failing to address plaintiff's argument "that corporate actors are routinely held responsible for their own fraudulent acts, and that it would be aberrational and a departure from established precedent to hold that [defendant's] Principals can escape liability for their fraudulent acts merely because [plaintiff] may also have a contractual cause of action against [defendant]," (Obj., at 10). In addition, plaintiff alleges that defendant will not be prejudiced by its proposed amendments since the issue of fraud will be part of the trial in any event, in light of the contractual provision limiting any damages recoverable by plaintiff from defendant. (Obj., at 10-14).

Upon *de novo* review of the Report and consideration of plaintiff's objections, plaintiff's objections are overruled and the Report is accepted in its entirety as an order of the Court.


II. Conclusion

Upon *de novo* review of the Report, plaintiff's objections are overruled and the Report is accepted in its entirety. Plaintiff's motion to amend the complaint is denied for the reasons set forth in Magistrate Judge Lindsay's Report.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 11, 2011
Central Islip, New York

3